*EXHIBIT A*

| Original - Court<br>1st Copy- Defendant | | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>23-012447-NO<br>Hon.Kathleen M. McCarthy |

Court telephone no.: 313-224-5481

| Plaintiff's name(s), address(es), and telephone no(s)<br>Shotts, Benjamin | v | Defendant's name(s), addresses(es), and telephone no(s).<br>City of Taylor |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Joshua Bert Farr 74107<br>24901 Northwestern Hwy Ste 700<br>Southfield, MI 48075-2210 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.       **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/26/2023 | Expiration date*<br>12/26/2023 | Court clerk<br>Carla Keefe |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)       **SUMMONS**       MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



2023 SEP 29 P 1:15
CITY CLERKS OFFIC

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BENJAMIN SHOTTS,

Case No: 23     NO

Hon.

Plaintiff,

vs.

SAVANTE WARREN,
JOHN DOE, and
CITY OF TAYLOR,

Defendants.
_____/

**Marc J. Mendelson P-52798**
**Joshua B. Farr P-74107**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050; Fax (248) 671-5028
joshua.farr@855mikewins.com;
traci.hoppa@855mikewins.com
_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 1.109(D)(2)(a)(i).

*/s/ Joshua B. Farr*

Marc J. Mendelson P-52798
Joshua B. Farr P-74107

NOW COMES Plaintiff, Benjamin Shotts, through his attorneys, The Mike Morse Law Firm, and for his Complaint against the above-named Defendants, states as follows:

## COMMON ALLEGATIONS

1. Plaintiff, Benjamin Shotts is a resident of City of Roseville, County of Wayne State of Michigan.

2. Defendant City of Taylor is a municipal corporation organized under the laws of the State of Michigan and is the body responsible for the control and oversight of its departments, agencies and facilities, including the Taylor Auxiliary Police Department, as well as its sworn police and detention officers, including but not limited to Defendants Savonte Warren, Rick Sollars and John Blair. At all pertinent times Defendant City had the legal duty to enact and enforce policies, procedures, protocols, and customs that conform with the Constitution of the United States.

3. Defendant, Savante Warren, upon information and belief is a resident of the City of Taylor, County of Wayne, State of Michigan, who, at all times relevant to this Complaint, was employed as a sworn Auxiliary Police Officer by the City of Taylor, and was within the course and scope of his duties and in accordance with City of Taylor's policies, procedures, protocols, customs, and as trained by the City.

4. Defendant, John Doe, upon information and belief is a resident of the City of Taylor, County of Wayne, State of Michigan who at all times relevant to this complaint, was employed as a sworn Auxiliary Police Officer by the City of Taylor, and was within the course and scope of his duties and in accordance with City of Taylor's policies, procedures, protocols, customs, and as trained by the City.

5. When referenced together herein, Defendant Savante Warren and Defendant John Doe will be referred to as "Defendant Officers."

2

## FACTUAL ALLEGATIONS

6. On or about April 24, 2022, Defendants conducted a training exercise for the Taylor Auxiliary Police in the City of Taylor.

7. Plaintiff Benjamin Shotts volunteered to participate in the training exercise but was not a member of the Taylor Auxiliary Police.

8. Defendant Savonte Warren switched his training pistol for his real, live, and loaded firearm during the training exercise.

9. Defendant John Doe was a supervisory officer who was tasked with checking and ensuring that no handguns being used were loaded or could cause harm in the training exercise with civilian volunteers.

10. Defendant City of Taylor, was responsible for and had the legal duty to enact and enforce policies, procedures, protocols, and customs that conform with the Constitution of the United States, including training and supervisory protocols.

11. Defendant Warren, during the course of the training exercise, shot Plaintiff Shotts with his live and loaded firearm.

12. Defendants' conduct demonstrates an unlawful policy, practice, or custom on behalf of Defendant City of Taylor including but not limited to constitutionally inadequate training and supervision, and ratification of unconstitutional conduct.

13. As a result of each Defendants' actions and/or inactions, Plaintiff suffered damages including severe physical injuries to his abdomen, pelvis, and left hip, which required a laparotomy and subsequent medical treatment, as well as ongoing mental and emotional injuries.

## COUNT I

## GROSS NEGLIGENCE CLAIM AGAINST DEFENDANT SAVANTE WARREN

14. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully stated herein.

15. On or about April 24, 2022, Plaintiff was volunteering when Defendant Savonte warren replaced his training pistol with a pistol with live rounds and shot Plaintiff.

16. On or about April 24, 2022, Defendant Warren owed a duty to conduct himself in a safe and reasonable manner, in accordance with the laws of the state of Michigan, the City of Taylor and the policies and Procedures of the City of Taylor.

17. Contrary to the Duties owed to Plaintiff, Defendant Warren, was grossly negligent, Careless and reckless by the following conduct:

   a. Defendant Warren switched from a training pistol to loaded firearm knowingly or unknowingly.

   b. Defendant Warren during the training session fired his loaded pistol shooting Plaintiff in the abdomen and the bullet struck Mr. Shotts pelvis and left hip; and

   c. Any other conduct that becomes known through discovery.

18. Defendant Warren's conduct, which proximately caused Plaintiff's injuries and damages, was objectively unreasonable, and constituted gross negligence because it was so reckless that it demonstrated a substantial lack of concern for whether Plaintiff would be injured.

19. Further, the Defendant officer is not entitled to governmental immunity under Michigan law, MCL §691.1407 et seq. as their conduct amounted to gross negligence, and/or willful and wanton misconduct.

4

20. As the proximate result of Defendant Warren's gross negligence, Plaintiff Shotts sustained severe injuries to his abdomen, pelvis, and left hip, which required a laparotomy and subsequent medical treatment additionally Plaintiff suffered mental and emotional injuries and damages as a result of the shooting.

WHEREFORE, Plaintiff, Benjamin Shotts, respectfully requests that judgment be entered in his favor and against Defendant Savonte Warren, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II

### GROSS NEGLIGENCE CLAIM AGAINST DEFENDANT JOHN DOE

21. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

22. On or about April 24, 2022, Plaintiff was volunteering when Defendant John Doe a member of the Taylor Auxiliary Police, was tasked and had the duty to ensure, inspect and guarantee that no members of the Taylor Auxiliary Police used live ammunition in the training exercise being held by the Taylor Auxiliary and Taylor Police Department, where Savonte warren replaced his training pistol with a pistol with live rounds in a negligent and or grossly negligent manner and shot Plaintiff.

23. On or about April 24, 2022, Defendant Doe owed a duty to conduct reasonable inspections to ensure the participants in the training exercise were safe from live ammunition, in

accordance with the laws of the state of Michigan, the City of Taylor and the policies and Procedures of the City of Taylor.

24. Contrary to the Duties owed to Plaintiff, Defendant Doe, was grossly negligent, Careless and reckless by the following conduct:

    a. Failing to inspect Defendant Warren's pistol and ammunition that was used in the training exercise and had live ammunition and shot Plaintiff;

    b. Failing to ensure that no live ammunition was used in the training exercise; and

    c. Any other conduct that becomes known through discovery.

25. Defendant Doe's conduct, which proximately caused Plaintiff's injuries and damages, was objectively unreasonable, and constituted gross negligence because it was so reckless that it demonstrated a substantial lack of concern for whether Plaintiff would be injured.

26. Further, the Defendant officer is not entitled to governmental immunity under Michigan law, MCL §691.1407 et seq. as their conduct amounted to gross negligence, and/or willful and wanton misconduct.

27. As a result of Defendant Doe's gross negligence, Plaintiff Shotts sustained severe injuries to his abdomen, pelvis, and left hip, which required a laparotomy and subsequent medical treatment additionally Plaintiff suffered mental and emotional injuries and damages as a result of the shooting.

WHEREFORE, Plaintiff, Benjamin Shotts, respectfully requests that judgment be entered in his favor and against Defendant Doe, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff

for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

### COUNT III

### ASSAULT AND BATTERY AGAINST DEFENDANT SAVANTE WARREN

28. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

29. Defendant Warren made an intentional and unlawful threat or offer to do bodily injury to Plaintiff.

30. Defendant's threat was made under circumstances that created in Plaintiff a well-founded fear of imminent peril.

31. Defendant had the apparent present ability to carry out the act if not prevented.

32. Defendant thereafter did complete the violent process.

33. Defendant carried out the violent process by switching from a safe training pistol to his loaded personal firearm and shooting Plaintiff.

34. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages.

WHEREFORE, Plaintiff, Benjamin Shotts, respectfully requests that judgment be entered in his favor and against Defendant Warren, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

7

## COUNT IV

### 42 U.S.C. §1983 – VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS - EXCESSIVE FORCE AGAINST DEFENDANTS SAVONTE WARREN AND JOHN DOE

35. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully stated herein.

36. At all times relevant, Plaintiff Shotts had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from excessive force pursuant to the Fourth Amendment to the United States Constitution.

37. At all times relevant, as auxiliary police officers acting under color of law, Defendants Warren and Doe were required to obey the laws of the United States including those laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

38. In violation of Plaintiff's clearly established, constitutionally protected rights to be free from excessive force and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the to the United States Constitution, Defendant officers subjected Shotts to excessive force thereby inflicting horrendous personal injuries upon him.

39. In violation of Plaintiff's clearly established, constitutionally protected rights to be free from excessive force and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the to the United States Constitution, Defendant officers Warren and Doe violated Plaintiff's rights by the following conduct:

   a. Defendant Warren made the decision to switch from a training pistol to his loaded personal firearm;

8

    b. Defendant Doe failed in the responsibility to check and guarantee that no live ammunition was loaded in the firearms being used by Defendant Warren;

    c. Defendant Warren did load live ammunition into his personal firearm and switched it for the training pistol;

    d. Defendant Warren during the training session fired his loaded pistol shooting Plaintiff Shotts in the abdomen and the bullet struck Mr. Shotts pelvis and left hip; and

    e. Any other conduct that becomes known through discovery.

40. Defendants' conduct was objectively unreasonable, constituted the use of excessive force, and reflected the unnecessary and wanton infliction of pain.

41. The Defendant officers' conduct was taken in deliberate indifference to Shotts's right to liberty and Defendant officer had or should have had subjective knowledge of the danger and risk of harm it presented.

42. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendant officers are liable to Plaintiff for all damages allowable under federal law and Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed to satisfy any and all such in adequacies.

43. The conduct of Defendant officers was and remains extreme and outrageous, subjecting them to punitive damages.

44. As a direct and proximate result of Defendant officers' violations of Plaintiff's constitutionally protected rights, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

## COUNT V

### 42 U.S.C. § 1983 - MUNICIPAL/MONELL LIABILITY AGAINST THE CITY OF TAYLOR

45. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully stated herein.

46. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights were undertaken pursuant to the municipality's policies and customs.

52. Upon information and belief, Chief John Blair ("Blair") and/or Mayor Rick Sollars ("Sollars"), at all times relevant, was the final policymaker with respect to the Taylor Police Department ("TPD") and Auxiliary policies and practices, and all hiring, training, supervision, and disciplinary decisions of TPD and Auxiliary police officers.

47. As the first alternate basis for liability against Defendant City of Taylor, the policy maker for Defendants, the mayor, the chief of police, or someone else in a policy making position, delegated full authority and/or empowered the individual Defendants.

48. That delegation of authority by the actual policy making of Defendant City of Taylor placed the individual Defendants in a policy making position, and the acts of the individual Defendants may be fairly said to be those of the municipality.

49. Defendant City of Taylor directly caused the constitutional violations suffered by Plaintiffs, and is liable for the damages caused as a result of the conduct of the individual

10

Defendants. The conduct of the individual Defendant Officers was a direct consequence of the policies and practices of Defendant City of Taylor.

50. At all times relevant in this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and/or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant City of Taylor, including but not limited to:

　　a. Failure to adequately supervise and train its officers and agents, including Defendant Officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers, including Defendant Officers;

　　b. Failure to properly and adequately monitor and discipline its officers, including Defendants Officers;

　　c. Failure to adequately and properly investigate complaints of police misconduct, including Defendant Officers' conduct described herein, and instead, acts of misconduct were tolerated by the Defendant City of Taylor;

　　d. Authorizing, directing, approving, and condoning the City's failure to fire, train, supervise, and discipline officers, including the Defendant Officers; and

　　e. Authorizing, directing, approving, and condoning Defendant Doe's failure to train and supervise officers during training exercises, including the Defendant Officers.

51. These policies, practices, and customs were implemented, overseen, orchestrated, and tolerated by the policy makers for Defendant City of Taylor.

52. This failure to supervise, discipline, or control its officers demonstrates deliberate indifference to the constitutional rights of the plaintiffs and is directly responsible for the conduct described herein.

53. Further the de facto unwritten policy, procedure, or custom to approve and authorize inadequate training as described herein demonstrates deliberate indifference to the constitutional rights of the plaintiffs and is directly responsible for the Defendant Officers' conduct.

54. Defendant City, through its final policymakers, is further subject to municipal liability for failing to conduct a meaningful investigation into the shooting of Plaintiff, thereby ratifying the unlawful and/or unconstitutional conduct of the Defendant Officers.

55. Defendants, City, through its final policymakers, failed to conduct a meaningful investigation into Plaintiff's shooting by the following acts and omissions:

   a. failing to conduct a meaningful investigation into how Defendant Warren was able to enter the training with his personal firearm that was loaded and shoot Plaintiff, and

   b. Any other failures that become known through the course of discovery.

56. By the above acts and omissions, Defendant City approved, condoned, and acquiesced to the unlawful and unconstitutional conduct of the Defendant Officers.

57. The acts and omissions described herein amount to ratification of the Defendant Officers' constitutional violations of Plaintiff's rights, and is the official policy of the Defendant City subjecting it to 42 U.S.C. § 1983 liability.

58. Defendant City's customs, policies and practices were a moving force behind the constitutional violations that caused Plaintiff's injuries and damages.

59. Defendant City of Taylor has acted with deliberate indifference to the constitutional rights of the Plaintiffs. As a direct and proximate result of the acts as stated herein by each of the Defendants, each of the Plaintiffs' constitutional rights have been violated.

WHEREFORE, Plaintiff, Benjamin Shotts, respectfully requests that judgment be entered in his favor and against Defendant City of Taylor, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

Respectfully submitted,
MIKE MORSE LAW FIRM,
Attorneys for Plaintiff

/s/ Joshua B. Farr

Marc J. Mendelson   P-52798
Joshua B. Farr P-74107
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: September 26, 2023

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BENJAMIN SHOTTS,

        Plaintiff,

vs.

SAVANTE WARREN,
JOHN DOE, and
CITY OF TAYLOR,

        Defendants.

Case No: 23　NO

Hon.

_____/

**Marc J. Mendelson P-52798**
**Joshua B. Farr P-74107**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050; Fax (248) 671-5028
joshua.farr@855mikewins.com;
traci.hoppa@855mikewins.com
_____/

### PLAINTIFF'S DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, BENJAMIN SHOTS, by and through his attorneys, The Mike Morse Law Firm, and hereby demands a trial by jury in the above-referenced action.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

/s/ Joshua B. Farr
_____
Marc J. Mendelson P-52798
Joshua B. Farr P-74107
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: September 26, 2023